**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK BELLUE, | No. 19-35679 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00855-RSL |
| v. | |
| GARY KRESGE, CISA; JEFF LARSEN, CIS2, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Frank Bellue appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Bellue's retaliation claim against defendants Kresge and Larsen because Bellue failed to raise a genuine dispute of material fact as to whether these defendants took adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *see also McCollum v. Cal. Dep't of Corrs. & Rehab.*, 647 F.3d 870, 882-83 (9th Cir. 2011) (circumstantial evidence of retaliatory motive required to overcome summary judgment).

The district court properly dismissed Bellue's due process claim because Bellue failed to allege facts sufficient to state a plausible claim. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (prisoners do not have a constitutionally protected interest in prison employment).

We reject as without merit Bellue's contentions that the district court erred by failing to consider his objections to the report and recommendations, failing to state the grounds for dismissal, and dismissing his action with prejudice.

**AFFIRMED.**